**UNITED STATES of America**

v.

**Richard MILANI, Jr., Defendant.**

**No. 90 Cr. 195 (CLB).**

United States District Court,
S.D. New York.

June 27, 1990.

---

United States Atty. Otto G. Obermeier and Asst. U.S. Atty. Kerry Lawrence, New York City, for plaintiff.

Charles A. Ross, Jr., White Plains, N.Y., for defendant.

## MEMORANDUM AND ORDER

BRIEANT, Chief Judge.

By an indictment filed on April 5, 1990, defendant Richard Milani, Jr. is charged with one count of "Establishment of Manufacturing Operations" in violation of 21 U.S.C. § 856. Specifically defendant is charged with knowingly and intentionally making available an apartment for the "purpose of distributing and using" cocaine and with managing and controlling the basement apartment of his father's home at Holmes, New York and making it available for the purpose of "storing, distributing and using" cocaine. Defendant moves to dismiss the indictment, challenging the constitutionality of 21 U.S.C. § 856 on two grounds: (1) the statute is facially unconstitutional because the terms "using" and "storing" are impermissibly vague; and (2) the terms "using" and "storing" are impermissibly vague as applied to defendant.

The statute, in pertinent part, reads:

**Establishment of manufacturing operations**

(a) Except as authorized by this title, it shall be unlawful to—

(1) knowingly open or maintain any place for the purpose of manufacturing, distributing, or using any controlled substance;

(2) manage or control any building, room, or enclosure, either as an owner, lessee, agent, employee, or mortgagee, and knowingly and intentionally rent, lease, or make available for use, with or without compensation, the building, room, or enclosure for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance.

18 U.S.C. § 856(a).

Defendant argues that the statute does not give adequate notice of the conduct being proscribed as illegal and permits arbitrary and discriminatory enforcement. In the absence of a plenary trial record this Court is unable to rule on whether the statute is impermissibly vague as applied to defendant. Surely it is not void on its face.

This statute, while enacted recently, follows a time-honored tradition, and is analogous to penal statutes such as those criminalizing the conduct of landlords of houses of prostitution, e.g. New York Penal Law § 230.40:

**Permitting prostitution**

A person is guilty of permitting prostitution when, having possession or control of a premises which he knows are being used for prostitution purposes, he fails to make reasonable effort to halt or abate such use.

This New York statute, in its present and earlier forms, has endured for more than a century. Its facial constitutionality has long been assumed, as was so held in a recent case. *People v. Gilmore*, 120 Misc.2d 741, 468 N.Y.S.2d 965 (City Ct.Mt. Vernon 1983). Similarly, during National Prohibition it was a federal crime, with knowledge, to "suffer" a room, house, building, boat vehicle, structure or place to be "occupied or used" for the unlawful "manufacture or sale" of liquor. See c. 85 Title II § 21 of the National Prohibition Act, too verbose to be quoted in full herein. In a generation not involved in the so-called War on Drugs, and highly attuned to individual rights, especially concerning liquor, the facial constitutionality of this provision was never questioned.

The use of such common English words such as "manufacturing", "using", "storing" or "distributing" in proscribing conduct is generally regarded as furnishing adequate notice.

■ On the issue of whether the statute might be unconstitutional as applied in a particular case, we must await conclusion of the trial. In a criminal case there is no analogue to civil summary judgment. That branch of the motion is denied at this time, with leave to renew on a plenary trial record in accordance with Rule 29, Fed.R. Crim.P.

Counsel for both parties should serve and file proposed jury instructions for the trial of this case as soon as conveniently possible. Such proposed instructions may be modified or changed at any time prior to summations.

The case will be tried on July 9, 1990 at 10:00 A.M. in Courtroom 31 of the White Plains Courthouse.

Motion denied.

SO ORDERED.